UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-42-H

SHELTER MUTUAL INSURANCE COMPANY                                    PLAINTIFF

V.

LINDA M. SOSNIN                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Shelter Mutual Insurance Company ("Shelter Mutual"), filed a declaratory judgment action against Linda Sosnin (the "Insured") to determine whether the insurance policies issued to the her require Shelter Mutual to pay for the loss to her barn. The matter is before the Court on Shelter Mutual's motion for summary judgment. For the reasons that follow, the Court will sustain the motion.

I.

Shelter Mutual issued a Homeowner's Insurance Policy (the "Homeowner's Policy") to the Insured covering certain structures and personal property on a five-acre plot of land in Sheperdsville, Kentucky. In particular, the Homeowner's Policy insured the primary residence and what the policy refers to as "other structures," which are structures not attached to the primary residence but which are permanently attached to the property. Subsequently, the Insured constructed a barn on the five-acre plot, and created a living space in the upstairs area of the barn as a residence for the Insured's parents. Shelter Mutual issued a Dweller's Insurance Policy (the "Dweller's Policy") to the Insured and her husband insuring the new building.

On June 21, 2008, the Insured's husband set fire to the barn and the primary residence's

detached garage. At the time of the fire, the Insured was staying in the living space of the barn in order to escape her husband. The husband engaged in a pattern of domestic violence towards the Insured. In fact, she had an Emergency Protection Order against him at the time of the fire.[1] The Insured submitted a claim under the Homeowner's Policy for the detached garage and the personal property in the garage, and she submitted a claim under the Dweller's Policy for the cost associated with the loss of the barn.

Shelter Mutual filed its declaratory judgment action seeking a determination from the Court as to whether the Dweller's Policy covers the loss to the barn. The parties conducted discovery and Shelter Mutual filed a motion for summary judgment on the grounds that the Dweller's Policy excludes coverage for the barn under the circumstances of this case. In her response brief, in addition to asserting that the Dweller's Policy covers the loss to the barn, the Insured argues that the Homeowner's Policy also covers the loss to the barn.

II.

Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the non-moving party." *Little v. BP Exploration & Oil Co.*, 265 F.3d, 357, 361 (6th Cir. 2001).

The interpretation and construction of an insurance contract is a matter of law for the court. *Kemper Nat'l Ins. Cos. v. Heaven Hill Distilleries*, 82 S.W.3d 869, 871 (Ky. 2002).

---

[1] The Insured's husband committed suicide on July 9, 2008.

Kentucky law mandates that the court construe clear and unambiguous terms in a contract according to their "plain and ordinary meaning," *Id.*, and that all uncertainties and ambiguities be resolved in favor of the insured. *James Graham Brown Foundation v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991).

III.

The Homeowner's Policy contains an "innocent co-insured" provision, which provides that an innocent co-insured's claim "will not be denied based on the fact that another insured intended the act causing the loss." An innocent co-insured is defined as "an insured...who suffers property damage caused by a pattern of domestic violence and abuse by an insured who is criminally prosecuted for the act causing such property damage." Shelter Mutual concedes that the Insured is an innocent co-insured as defined by the Homeowner's Policy. The Insured argues that because the barn is a permanent attachment to her property but not attached to the primary residence, the barn is protected under the "other structures" provision of the Homeowner's Policy.

Even assuming that the Homeowner's Policy covers the barn, however, the Insured has already exhausted the policy limits of the "other structures" provision. Following the fire, the Insured submitted a claim under the Homeowner's Policy for the damage to the detached garage, and the detached garage falls under the "other structures" provision. The "other structures" provision has a policy limit of $33, 030.00, which is exactly what Shelter Mutual paid the Insured for her claim. Shelter Mutual has no further liability under the Homeowner's Policy.

Shelter Mutual argues that it has no liability under the Dweller's Policy because the policy contains two provisions that exclude coverage for the Insured's loss to her barn. The first

provision is in the "Conditions" section of the Dweller's Policy, and it concerns concealment and fraud. The provision states, "[t]his entire policy is void as to all insureds if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance." No evidence has been put forth that either the Insured or her husband concealed or misrepresented any material fact or circumstance related to the Dweller's Policy. Certainly, the Insured's husband caused the loss, but there is no indication that he concealed or misrepresented any information relating to the policy.

The "Exclusions" section of the Dweller's Policy also contains a provision which excludes coverage for a loss "resulting directly or indirectly from...neglect of an insured to use all reasonable means to protect covered property at and after the time of loss or when the property is threatened by a peril we insure against." It is undisputed that the Insured's husband neglected to use all reasonable means to protect the barn when it was threatened by the fire that he started. Even in the absence of such a provision, "the failure of the insured to take reasonable care to avoid loss, or the doing of wrongful acts directly calculated to bring about the lost, may be such as to defeat a recovery under the policy." *Bindell v. Kenton Cnty. Assessment Fire Ins. Co.*, 108 S.W. 325, 326 (Ky. 1908) (citation omitted).

In rebuttal, the Insured argues that the Dweller's Policy should contain an innocent co-insured provision similar to the one found in the Homeowner's Policy. She fails to cite any authority in support of her argument, and the Court can think of no reason to impose such a duty on Shelter Mutual and all other insurance providers. In fact, in a similar case the Eastern District of Kentucky held that, under Kentucky law, "a court 'may not read into a policy of insurance conditions and terms which are not incorporated therein.'" *Bryant v. Allstate Ins. Co.*, 592 F.

Supp. 39, 41 (E.D. Ky. 1984) (citing *Old Reliable Ins. Co. v. Brown*, 558 S.W.2d 190, 191 (Ky. Ct. App. 1977)).

      The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record