UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-42-H

SHELTER MUTUAL INSURANCE COMPANY                           PLAINTIFF

V.

LINDA M. SOSNIN                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

In its Memorandum Opinion dated July 19, 2011, the Court denied coverage under the "Dweller's Policy" because it excluded coverage for a loss "resulting directly or indirectly from . . . neglect of an insured to use all reasonable means to protect covered property at and after the time of the loss or when the property is threatened by a peril we insure against." The Court found that the husband here did engage in a pattern of domestic violence toward Linda Sosnin ("the Insured"), which ended with the intentional burning of the barn. Because the Dweller's Policy contained no innocent co-insured provision, and acts in question met the above referenced exclusion, the Court declared that Insured had received all available coverage under that policy. The Court entered a final order from which no appeal has been taken.

In her new motion, the Insured says that a 2000 legislative enactment, KRS § 304.12-211, would bar the cited exclusion from denying coverage. Federal Rule of Civil Procedure 60(b) provides an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Such reconsideration falls "within the sound discretion of the court." *Smith v. Rees*, No. 5:07-CV-180, 2011 WL 1042335, at *2 (W.D. Ky. 2011). Among other provisions that provide for relief in specific

circumstances such as fraud, inadvertence, and mistake, Subsection (b)(6), the so-called "residual clause," allows reconsideration for "any other reason that justifies relief." This clause is "'intended to be a means for accomplishing justice in what may be termed generally, exceptional situations . . . .'" *United States v. McDonald*, 86 F.R.D. 204, 205 (N.D. Ill. 1980) (citation omitted). Because the Court was unaware of the statute at the time of its last Memorandum Opinion, it can only correct its mistake by reconsidering the coverage issues in light of the potentially relevant statute. The Court has a right and, indeed, an obligation to reconsider in these circumstances.

As grounds for reconsideration and relief here, the Insured directs the Court to KRS § 304.12-211(2)(b), which states:

> If a property or casualty insurance policy excludes property coverage for intentional acts, the insurer shall not deny payment to an innocent co-insured if the loss arose out of a pattern of domestic violence and abuse and the perpetrator of the loss is criminally prosecuted for the act causing the loss. Payment to the innocent co-insured may be limited to his or her ownership interests in the property as reduced by any payments to a mortgage or other secured interest.

The Insured's argument is that it was precisely the husband's intentional act arising out of the pattern of domestic violence for which he was criminally prosecuted which resulted in the denial of the coverage. KRS § 304.12-211 prohibits this.

The exclusion which Shelter Mutual relies upon to bar coverage in the Dweller's Policy is broadly drafted to incorporate any neglect by an insured. Consequently, this Court had no difficulty in determining that the husband's intentional acts constituted such neglect. Thus, to the extent intentional acts arising from a pattern of domestic violence fit within the Dweller's Policy exclusion, those acts also fit within the category of acts which KRS § 304.12-211

protects.

Shelter Mutual argues that because the Dweller's Policy does not contain an "intentional acts" exclusion, then KRS § 304.12-211 does not apply.  This Court respectfully disagrees.  The applicability of the statute in question does not turn on whether the insurance policy contains "an intentional acts exclusion," rather it turns on whether the policy excludes coverage for intentional acts.  Here, the neglect exclusion is broadly written to include intentional acts.  To the extent those intentional acts come within the ambit of the neglect exclusion and the legislative prohibitions in KRS § 304.12-211, the statute clearly protects the co-insured.  In light of this analysis, the Court's previous reference to *Bryant v. Allstate Ins. Co*, 592 F. Supp. 39, 41 (E.D. Ky. 1984) is no longer relevant, as the Court is construing an applicable state statute, rather than asserting nonexistent terms in a policy.

The appropriate remedy at this time is to return the case to the Court's active docket for a more particular consideration of a final order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Defendant's motion for reconsideration is SUSTAINED and the Court's declaratory judgment in favor of Shelter Mutual under the Dweller's Policy is WITHDRAWN.

IT IS FURTHER ORDERED that this case is reinstated to the Court's active docket for consideration of coverage for the Insured's loss to her barn under the Dweller's Policy.

cc: Counsel of Record